IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-496-BO

| | |
|---|---|
| JACKIE BLUE, | ) |
| Plaintiff, | ) |
| | ) **ORDER** |
| v. | ) |
| BODDIE-NOELL ENTERPRISES, INC., | ) |
| Defendant. | ) |

This matter is before the Court on defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6) [DE 8]. Plaintiff has responded, defendant has replied, and the matter is ripe for adjudication. For the reasons stated herein, defendant's motion is GRANTED and plaintiff's complaint is DISMISSED in its entirety.

## BACKGROUND

Plaintiff brings this action alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* (ADA), and seeking a declaratory judgment, injunctive relief, attorney's fees, litigation expenses, and costs. Plaintiff, Jackie Blue, is a resident of Fayetteville, North Carolina, who suffers from multiple sclerosis as a result of which she experiences difficulty walking and must use a wheelchair. Plaintiff has filed at least 24 actions in the Eastern District of North Carolina under the ADA since June 2012.

As pertinent to this claim, plaintiff lives 19 miles from defendant's property, a Hardee's Restaurant located at 2497 Hope Mills Road, Hope Mills, North Carolina (the Property). Ms. Blue alleges that she visited the Property on January 22, 2014, visits it frequently, and plans to patronize the Property in the future. Plaintiff alleges that during her visit to the Property in January, she had difficulty maneuvering through the parking lot due to excessive ramp slopes

and unclearly marked parking spaces and difficulty using the bathroom due to exposed pipes, incorrect hardware, and improper placement.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F .Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R. R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To this end, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* (citation omitted). The movant's motion to dismiss should be granted if the material jurisdictional facts are not in dispute and the movant is entitled to prevail as a matter of law." *Id.*

A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550

2

U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000).

I. Plaintiff Has Standing

Defendant contends that plaintiff lacks standing to bring this suit because plaintiff has failed to sufficiently allege intent to patronize the Property in the future. Standing is the determination of whether a particular individual is the proper party to assert a claim in federal court. *Warth v. Seldin*, 422 U.S. 490, 498 (1975). The standing question is one that asks "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Id.* An affirmative answer to this question requires a plaintiff to demonstrate (1) that the plaintiff has "'suffered an injury in fact—an invasion of a legally protected interest;'" (2) "'a causal connection between the injury and the conduct complained of;'" and (3) that it is "'likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision'" from the court. *Chambers Med. Techs. of S.C., Inc. v. Bryant*, 52 F.3d 1252, 1265 (4th Cir. 1995) (alterations omitted) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–61 (1992)).

When a plaintiff seeks injunctive relief, the "injury in fact" element requires that plaintiff show a "real or immediate threat that [she] will be wronged again." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). To do so, plaintiff must demonstrate an intention to return to the Property. *See, e.g., Norkunas v. Park Rd. Shopping Ctr., Inc.*, 777 F.Supp.2d. 998, 1002 (W.D.N.C. 2011), *Lujan*, 504 U.S. at 564. In assessing the credibility of a plaintiff's intention to return, courts consider: (1) the plaintiff's proximity to the defendant's place of public accommodation; (2) the plaintiff's past patronage; (3) the definiteness of plaintiff's plan to return; and (4) the plaintiff's frequency of nearby travel. *Norkunas*, 777 F.Supp.2d at *1002; see

3

*also Payne v. Sears, Roebuck and Co.*, No. 5:12-CV-614-D, at *3 2012 WL 1965389 (E.D.N.C. 2012) (unpublished). Although the Fourth Circuit has "decline[ed] at this time to endorse the four-factor test," it has specifically considered a plaintiff's proximity to the subject site in evaluating plausibility. *Daniels v. Arcade, L.P.*, 477 F. App'x 125, 129 (4th Cir. 2012).

In *Daniels*, the plaintiff alleged that he "intends to continue to visit the [site] in the future for his shopping needs." *Id.* at 130. The Fourth Circuit accepted the allegation as true for purposes of the motion to dismiss and deemed the allegation plausible because the plaintiff in question resided "in relatively close proximity" (within twenty miles) of the cite. *Id.* Here, Ms. Blue lives within twenty miles of the property and intends to continue to patronize the Property in the future. Informed by *Daniels*, the Court holds that plaintiff has standing to bring this suit.

II.     Plaintiff Has Failed to State a Claim Upon Which Relief Can Be Granted.

Even assuming that, in light of *Daniels*, plaintiff has standing to bring her action, the allegations attributable to Ms. Blue in the complaint are not factually sufficient to state a claim for relief. The complaint states that, pursuant to a preliminary inspection of the Property, several ADA violations were identified, including curb ramps with excessive or cross slopes, and water closets mounted at a non–compliant distance from the wall. Plaintiff makes the conclusory allegation that when she visited the Property in January, she had difficulty maneuvering her wheelchair in the parking lot and using the bathroom facilities.

As in an earlier case filed by plaintiff in this Court, *Blue v. Big Lots Stores, Inc.*, No. 5:13-CV-38-BO, 2013 WL 5375576, *3 (E.D.N.C. Sept. 25, 2013), no facts have been pled, even considering the claim in the light most favorable to plaintiff, that explain how the alleged violations of ADA standards have resulted in discrimination against Ms. Blue. *See also Nat. Alliance for Accessibility v. Big Lots Stores, Inc.*, No. 5:12-CV-349-D, 2013 WL 1452928, *2

4

(E.D.N.C. Apr. 9, 2013) (dismissing claims because "[t]he amended complaint provides no facts about how Blue encountered these architectural barriers or even the nature of the barriers."). Plaintiff merely states that she had "difficulty" using the restroom and navigating the parking lot. [DE 1 at ¶4] She has failed to allege how the particular barriers that she encountered caused injury, what type of injury she suffered, or how she is likely to be discriminated against in the future by the same alleged violations. Moreover, "[a]lthough the amended complaint lists alleged ADA violations . . . these alleged violations derived from a "preliminary inspection" that is not linked to Blue." *Nat. Alliance*, No. 5:12-CV-349-D, 2013 WL 1452928 at *2.

In the absence of sufficient factual support, plaintiff has not stated a facially plausible claim for relief. As plaintiff has not sought to amend her complaint to include such factual support, dismissal of this action is appropriate.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 8] is hereby GRANTED and plaintiff's claims are dismissed in their entirety. The Clerk is directed to enter judgment accordingly and to close the file.

SO ORDERED, this __6__ day of February, 2015.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE